### H. A. BURTON & WIFE *v.* WILLIAM F. DAVIS et als.

An appellee cannot, by a motion in the Supreme Court, procure an amendment of the judgment as against another appellee. He can exercise this right only against the appellant.

Where an action is brought to recover damages on account of injury done by the accidental falling of a structure, proof that there was no fault or negligence imputable to the defendant, and that there was no original imperfection in the structure, is sufficient to avoid liability on his part.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.

*Whittaker & Fellowes,* for plaintiffs. *Durant & Hornor,* for defendants and appellants.

VOORHIES, J. The plaintiff brought suit for damages against *Wm. F. Davis* and *M. Woodside.*

The cause was submitted to a jury, who could not agree upon a verdict. Another jury was empanelled, and, the case being again submitted, the result was a verdict in favor of plaintiff against *Davis* for the sum of $1,300, and in favor of *Woodside* against the plaintiff.

*Davis* alone appealed. The plaintiff, however, moves that the judgment be amended, so as to allow damages against the other appellee, *Woodside.*

It is well settled, that an appellee cannot, by a motion in the Supreme Court, procure an amendment of the judgment, as against another appellee. He can exercise this right only against the appellant. See the case just decided of *Converse, Kennett & Co.* v. *Steamer Lucy Robertson.*

This cause comes up, consequently, only in so much as it affects the demand against *Davis,* the appellant.

The evidence as to the nature of the injury, or amount of damages sustained, presents no difficulty; but it is far from being sufficient to fix the appellant's responsibility. He was the owner of a lot situated on Bacchus Street, and adjoining a lot belonging to his co-defendant, *Mary Woodside.* He had caused to be put up on his lot, close to his fence along the sidewalk, the bricks and rubbish of a house which had been destroyed by fire. There was an open space between the pile and the fence. Some time afterwards the pile of bricks fell upon the fence, tore it down, and seriously injured the plaintiff, who happened to be passing by.

The evidence, so far from showing any negligence on the part of *Davis* in putting up the rubbish, or unskilfulness on the part of his employees, indicates that the accident was, in all probability, caused by workmen who were putting up a building in the immediate vicinity.

The injury sustained by the plaintiff is not attributable to the fault of the defendant, *Davis.* C. C. 2294. Nor indeed, is it shown that the damages occasioned by the fall of the rubbish were caused by *Davis'* neglect in attending to this matter, or resulted from the pile of rubbish having been originally constructed in an imperfect manner. C. C. 2302.

It is, therefore, ordered and decreed, that the judgment of the District Court, as regards the appellant *Davis,* be avoided and reversed; and that the said defendant, *Davis,* do have judgment against the plaintiffs, with costs in both courts.

LAND, J., absent.